**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONROY B. WALKER, | No. 12-35478 |
| Petitioner - Appellant, | D.C. No. 1:09-cv-01414-CL |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 11, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

An Oregon jury convicted Walker of first-degree sexual abuse and first-

degree unlawful sexual penetration. After exhausting his state remedies, Walker

filed a federal habeas corpus petition, which the district court denied. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction over Walker's appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Oregon courts' decision that Walker was not "in custody" for *Miranda* purposes was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). Rather, that decision fell well "within the matrix" of clearly established Supreme Court authority. *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004). The detectives drove an unmarked police car and approached Walker with a congenial tone; Walker consented to the interview; the detectives did not transport Walker to, or ask him to appear at, the police station; the interview took place in a large parking lot in Walker's neighborhood in the middle of the day; the detectives told Walker that he was not under arrest and was free to leave at any time; and the detectives let Walker leave at the end of the interview. *See generally Howes v. Fields*, 132 S. Ct. 1181, 1189 (2012) (compiling the Supreme Court's "in custody" cases).

**AFFIRMED.**